JaSHORTESS, J.
Renell Compeaux (plaintiff) was injured on March 5, 1991, while working at the Halter Marine shipyard in Lockport. In 1992 he timely sued Plaisance Inspection and Enterprises, Inc. (Plaisance), alleging he was injured through the fault of one of its employees. That employee was not named or made a defendant in the original petition. More than one year after the accident, plaintiff amended his petition. According to plaintiffs appellate brief, the petition added as defendants David Adams and his employer, Curtis Calíais, Sr., d/b/a Curtis Calíais Welding (defendants). Defendants’ brief, however, states that the amended petition added only Calíais. The amended petition was not made a part of this record.
On January 20, 1995, the trial court dismissed plaintiff’s suit against Calíais with prejudice. The parties agree the dismissal was based on prescription. Plaintiff did not move for a new trial, appeal, or seek to have that judgment annulled. Instead, on February 28, 1997, plaintiff filed a new suit based on the same allegations as the 1992 suit, naming Adams and Calíais as defendants.
Defendants filed a motion for summary judgment based on res judicata. The trial court “[took] up the exception of res judicata in the form of the motion for summary judg *1070 ment,” sustained the exception, and dismissed plaintiffs suit. Plaintiff appeals.
According to the briefs, the person alleged to be an employee of Plaisance in the original petition, although not named therein, was David Adams, who was actually Callais’s employee. ■ Plaisance was dismissed from the suit after it proved Adams was Callais’s employee. Since Calíais was not a solidary obli-gor with Plaisance, the amended petition did not relate back to the original petition and thus was untimely.
Plaintiff contends the 1992 suit was timely because voluntary payments of compensation under the Longshoremen and Harborwork-ers’ Compensation Act (LHWCA) by Insurance Company of North America, his employer’s insurer, interrupted the running of prescription. Citing Louisiana Revised Statute 13:4231(3), he contends the 1995 judgment did not acquire the status of a thing adjudged and thus did not preclude the 1997 suit because the issue of interruption by LHWCA payments was never litigated in the original action.
Revised Statute 13:4231 sets forth Louisiana law on res judicata. It provides that a valid and final judgment is conclusive between the same parties. Section 2 states that |3if the judgment is in favor of the defendant, “all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.” Plaintiff, however, relies on the third section of the statute, which provides: “A judgment in favor of ... the defendant is conclusive in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.” (Emphasis added.)
Plaintiff states in his brief that Adams and Calíais were defendants in both the 1992 suit and this suit, and he does not dispute that the second suit arises from the same occurrence as the first suit. He argues simply that because he did not raise the defense of interruption to the exception of prescription in the first suit, Revised Statute 13:4231(3) permits him to bring a second suit against the same parties arising from the same occurrence, as that “issue” was not actually litigated and determined in the original suit.
Plaintiffs reliance on Revised Statute 13:4231(3) is misplaced. A suit whose life was ended by a final judgment cannot be resurrected two years later by asserting a defense to prescription that the plaintiff neglected to raise originally. Furthermore, the “issue” litigated in the original suit was whether plaintiffs suit had prescribed. That issue was actually litigated and determined, and plaintiff is thus precluded from again raising the issue of prescription as to the defendants in that suit. Unfortunately for Adams, there is no evidence in the record that anyone other than Calíais was a defendant in or was dismissed from the 1992 suit.
The trial court correctly sustained the exception of res judicata as to. Calíais, and we affirm that portion of the judgment. Lacking any evidence in the record that Adams was a defendant in the 1992 suit, however, we must reverse the portion of the judgment dismissing him from this suit and remand this case for further proceedings against Adams. Plaintiff and Adams are cast equally for the costs of this appeal.
AFFIRMED IN PART; REVERSED IN PART, AND REMANDED.
WHIPPLE, J., concurs.